THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INDRA LAKSONO, as Personal Representative of the Estate of HENDRA LAKSONO, deceased; <br><br> DESTI YANTI, as Personal Representative of the Estate of ARDINAL AMIR, deceased; <br><br> NANY THERESIA, as Personal Representative of the Estate of HARIANTO ISKANDAR, deceased; <br><br> MARZIANA YUSUF, as Personal Representative of the Estate of JAMALIAH, deceased; <br><br> SO SOIE NGO, as Personal Representative of the Estate of JOHANNAS JAP, deceased; <br><br> HAIRIL LAKSMONO, as Personal Representative of the Estate of RISSA DWIVIANTI OCTARISSA, deceased; <br><br> TAN HEE JONG, as Personal Representative of the Estate of TI TEOW CHUAN, deceased; <br><br> UMNI NATSIROH HARAHAP, as Personal Representative of the Estate of ABDUL HALIM HARAHAP, deceased; <br><br> UMMI NATSIROH HARAHAP, as Personal Representative of the Estate of HAFSAH, deceased; | NO. C-07-1907 TSZ <br><br> ANSWER OF DEFENDANT THE BOEING COMPANY TO COMPLAINT FOR DAMAGES |

ANSWER OF DEFENDANT THE BOEING
COMPANY (NO. C-07-1907 TSZ) - 1
01038-4931/LEGAL13862543.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

| | |
|---|---|
| 1 | |
| 2 | LINDWATY NADEAK, as Personal |
| 3 | Representative of the Estate of EVANS |
| 4 | MANUMPAK SINAGA, deceased; |
| 5 | |
| 6 | |
| 7 | RIA DESI N. HUTAPEA, as Personal |
| 8 | Representative of the Estate of FERI DONALD |
| 9 | SINURAT, deceased; |
| 10 | |
| 11 | SYARIFAH SILANGIT, as Personal |
| 12 | representative of the Estate of H. SYAIFUL |
| 13 | BAHRI DAHRA, deceased; |
| 14 | |
| 15 | SYARIFAH SILANGIT, as Personal |
| 16 | Representative of the Estate of NURHIDAYAH |
| 17 | DESRAINY PURBA, deceased; |
| 18 | |
| 19 | |
| 20 | H. T. HUSSEIN, as Personal Representative of |
| 21 | the Estate of HJ. ROHANA, deceased; |
| 22 | |
| 23 | NURAINUN, as Personal Representative of the |
| 24 | Estate of IR. TOTOK MARIYANTO, deceased; |
| 25 | |
| 26 | JOHANNES LARRY KURNIAWAN |
| 27 | SIBARANI, as Personal Representative of the |
| 28 | Estate of LAWRENCE SIBARANI, deceased; |
| 29 | |
| 30 | |
| 31 | SABARUDDIN RAMBE, as Personal |
| 32 | Representative of the Estate of PRIZANI |
| 33 | ANGGITA RAMBE, deceased; |
| 34 | |
| 35 | VINCENT D. BANGUN, as Personal |
| 36 | Representative of the Estate ROSIANNA |
| 37 | SURBAKTI, deceased; |
| 38 | |
| 39 | |
| 40 | AGUSTINA, as Personal Representative of the |
| 41 | Estate of SURYA MIGA, deceased; |
| 42 | |
| 43 | ELIANI, as Personal Representative of the |
| 44 | Estate of ABDUL HAKIM BATUBARA, |
| 45 | deceased; |
| 46 | |
| 47 | RATNAWATI BR SEMBIRING, as Personal |
| 48 | Representative of the Estate of AGUS |
| 49 | SINULINGGA, deceased; |
| 50 | |
| 51 | |

ANSWER OF DEFENDANT THE BOEING
COMPANY (NO. C-07-1907 TSZ) - 2
01038-4931/LEGAL13862543.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

BINARA BR. SURBAKTI, as Personal Representative of the Estate of BENGKEL TARIGAN, deceased;

EKA SARI, as Personal Representative of the Estate of HJ. MARIANI, deceased;

ROHANI, as Personal Representative of the Estate of RAJAMIN, deceased;

VIVI NOVIKA, as Personal Representative of the Estate of RAMPE BR. SEMBIRING, deceased;

TERANG MALEM SEMBIRING, as Personal Representative of the Estate of ROSMAWATI BR. SINURAYA, deceased;

PERATEN BR. SEMBIRING, as Personal Representative of the Estate of SELAMAT GINTING, deceased;

RAMU SULI NI TUAHTA SINULINGGA, as Personal Representative of the Estate of SENTOSA SINULINGGA, deceased;

RAMA SULI NI TUAHTA SINULINGGA, as Personal Representative of the Estate of NURLAND BR. SEMBIRING, deceased;

JALIMAR SINURAT, as Personal Representative of the Estate of SITI MARLINA BR. SINURAT, deceased;

WASPADA SINULINGGA, as Personal Representative of the Estate of SRI ELVINA GINTING, deceased;

ROHADI KAMSAH SITEPU, individually;

KAWAN MENANTI MANULLANG, as Guardian of FANROY MANULLANG, minor;

INGAM MALEM BR. GINTING, individually;

ANSWER OF DEFENDANT THE BOEING COMPANY (NO. C-07-1907 TSZ) - 3
01038-4931/LEGAL13862543.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

IYAN EFENDI F. TARIGAN, individually;

MARSITA SINAGA, individually;

PROSENSIUS SINAGA, individually;

DEWI FRISTA SITORUS, individually;

TALENTA BANGUN, individually;

      Plaintiffs,

vs.

THE BOEING COMPANY, and UNITED TECHNOLOGIES CORPORATION,

      Defendants.

Defendant The Boeing Company ("Boeing") hereby answers plaintiffs' *Complaint for Damages* as follows:

Boeing denies each and every allegation in plaintiffs' *Complaint for Damages*, except as hereinafter specifically admitted, qualified or otherwise answered.

## INTRODUCTION

1.  Boeing admits that on September 5, 2005, a 737-200 model aircraft equipped with two Pratt & Whitney model JT8D- engines being operated by Mandala Airlines as Flight 091 (the "Aircraft") crashed on takeoff from Medan, Indonesia. Boeing further admits that it designed and manufactured the Aircraft, except for those components, parts, and systems of the Aircraft manufactured and/or designed by others, and the components, parts and systems that were subsequently removed, installed, exchanged, altered, modified, retrofitted, overhauled or manufactured by others. To the extent the allegations in paragraph 1 are directed toward United Technologies Corporation and require a response from Boeing, Boeing lacks knowledge or information sufficient to form a belief as to the truth of these allegations

ANSWER OF DEFENDANT THE BOEING
COMPANY (NO. C-07-1907 TSZ) - 4
01038-4931/LEGAL13862543.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

2. Boeing admits that plaintiffs assert claims based on strict products liability and negligence, but denies the substance of those claims. Except as expressly admitted or denied herein, Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

## PARTIES

3. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12..

ANSWER OF DEFENDANT THE BOEING
COMPANY (NO. C-07-1907 TSZ) - 5
01038-4931/LEGAL13862543.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

13. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

ANSWER OF DEFENDANT THE BOEING
COMPANY (NO. C-07-1907 TSZ) - 6
01038-4931/LEGAL13862543.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

26. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.

36. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

ANSWER OF DEFENDANT THE BOEING
COMPANY (NO. C-07-1907 TSZ) - 7
01038-4931/LEGAL13862543.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

39. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40.

41. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42. Boeing admits that plaintiffs seek to recover damages; however, Boeing denies that it is liable under any legal theory for plaintiffs' alleged damages. The remaining allegations in paragraph 42 consist of legal conclusions and do not require a response. To the extent a response is required, Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43. The allegations in paragraph 43 relating to stylistic designations used in the *Complaint for Damages* do not require a response. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43.

44. Boeing admits that it is a Delaware corporation with its corporate headquarters located in Chicago, Cook County, Illinois; that its commercial aircraft operations are based in the State of Washington; that it maintains manufacturing facilities in Renton, Washington; and that the final assembly of the Aircraft took place in Renton, Washington. Except as expressly admitted, Boeing denies the allegations in paragraph 44.

45. The allegations in paragraph 45 are directed to another defendant and do not require a response from Boeing. If a response is required, Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45.

## JURISDICTION AND VENUE

46. The allegations in paragraph 46 contain legal conclusions to which no response is required. If a response is required, Boeing admits that this Court has jurisdiction over this matter under 28 U.S.C. §1369 and 28 U.S.C. § 1332, but denies that any district in the U.S. is a

ANSWER OF DEFENDANT THE BOEING
COMPANY (NO. C-07-1907 TSZ) - 8
01038-4931/LEGAL13862543.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

convenient forum for litigating plaintiffs' claims, as they should be resolved by the courts of Indonesia.

47. Boeing admits that final assembly of the Aircraft took place in Renton, Washington, and that Boeing's activities with respect to design, manufacture, assembly, testing, and customer support for 737 model aircraft were and are predominantly based in the State of Washington. The remaining allegations in paragraph 47 consist of legal conclusions to which to response is required.

48. The allegations in paragraph 48 consist of legal conclusions to which no response is required.

49. The allegations in paragraph 49 are directed to another defendant and do not require a response from Boeing. In addition, the allegations in paragraph 49 consist of legal conclusions to which no response is required.

## GENERAL ALLEGATIONS

50. Boeing admits that on September 5, 2005, a Boeing 737-200 operated as Mandala Airlines Flight 091 failed to gain sufficient altitude on takeoff from Medan-Polonia airport and crashed into a nearby neighborhood, causing a fire. Except as expressly admitted, Boeing lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 50.

51. Boeing lacks knowledge and information sufficient to form a belief as to the truth of the allegations that 16 passengers survived the accident with serious injuries and that a substantial number of people on the ground were "seriously injured." Boeing admits the remainder of the allegations in paragraph 51.

52. Boeing admits that the official investigation of the accident is the responsibility of Indonesian governmental authorities. Boeing further admits that the United States, as represented by an Accredited Representative from the U.S. National Transportation Safety Board, is participating in the investigation. Boeing also admits that, as a technical advisor to the

ANSWER OF DEFENDANT THE BOEING
COMPANY (NO. C-07-1907 TSZ) - 9
01038-4931/LEGAL13862543.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

U.S. Accredited Representative, it sent an investigator from its Air Safety Group near Seattle, Washington and an engineer to Indonesia to assist in the early phases of the investigation. Except as expressly admitted, Boeing lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 52.

53. Boeing admits that the original Fight Data Recorder and the Cockpit Voice Recorder were examined in Washington, D.C., under the direction of the Indonesian authorities and that the data was provided to the Indonesian authorities. Boeing also admits that the Indonesian authorities have not yet issued the final accident investigation report. Except as expressly admitted, Boeing lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 53.

## COUNT I

### (Strict Products Liability Against Boeing)

54. Boeing incorporates by reference its responses to paragraphs 1 through 53 as stated above.

55. Boeing admits that it designed, manufactured, tested, inspected, marketed, distributed and/or sold the Aircraft, except for those components, parts, and systems of the Aircraft designed, manufactured, tested, inspected, marketed, distributed and/or sold by others, and the components, parts, and systems that were subsequently removed, installed, exchanged, altered, modified, retrofitted, overhauled or manufactured by others. Boeing admits that it provided limited post-delivery information to the operators of the Aircraft. Boeing denies the remaining allegations contained in paragraph 55.

56. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56.

57. Boeing denies the allegations contained in paragraph 57, including its sub-parts.

58. Boeing denies the allegations contained in paragraph 58.

## COUNT II

ANSWER OF DEFENDANT THE BOEING
COMPANY (NO. C-07-1907 TSZ) - 10
01038-4931/LEGAL13862543.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

**(Negligence Against Boeing)**

59. Boeing incorporates by reference its responses to paragraphs 1 through 58 as stated above.

60. Paragraph 60 consists of legal conclusions to which no response is required.

61. Boeing admits that it provided limited post-delivery information to the operators of the Aircraft. Except as expressly admitted, the allegations contained in paragraph 61 are denied.

62. Paragraph 62 consists of legal conclusions to which no response is required.

63. Boeing denies the allegations contained in paragraph 63, including its sub-parts.

64. Boeing denies the allegations contained in paragraph 64.

## COUNT III

**(Strict Products Liability Against UTC)**

65. Boeing incorporates by reference its responses to paragraphs 1 through 64 as stated above.

66. The allegations in paragraph 66 are directed to another defendant and do not require a response from Boeing. To the extent a response is required, Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66.

67. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67.

68. The allegations in paragraph 68 are directed to another defendant and do not require a response from Boeing. To the extent a response is required, Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68.

69. The allegations in paragraph 69 are directed to another defendant and do not require a response from Boeing. To the extent a response is required, Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69.

## COUNT IV

ANSWER OF DEFENDANT THE BOEING
COMPANY (NO. C-07-1907 TSZ) - 11
01038-4931/LEGAL13862543.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

**(Negligence Against UTC)**

70. Boeing incorporates by reference its responses to paragraphs 1 through 70 as stated above.

71. The allegations in paragraph 70 are directed to another defendant and do not require a response from Boeing. To the extent a response is required, Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70.

72. The allegations in paragraph 71 are directed to another defendant and do not require a response from Boeing. To the extent a response is required, Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71.

73. The allegations in paragraph 73 are directed to another defendant and do not require a response from Boeing. To the extent a response is required, Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73.

74. The allegations in paragraph 74 are directed to another defendant and do not require a response from Boeing. To the extent a response is required, Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74.

## DAMAGES

75. Boeing denies the allegations contained in paragraph 75.

76. Boeing denies the allegations contained in paragraph 76.

77. Boeing denies the allegations contained in paragraph 77.

78. Boeing denies the allegations contained in paragraph 78.

79. Boeing denies the allegations contained in plaintiffs' Prayer.

ANSWER OF DEFENDANT THE BOEING
COMPANY (NO. C-07-1907 TSZ) - 12
01038-4931/LEGAL13862543.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

## BOEING'S AFFIRMATIVE DEFENSES

1. The *Complaint for Damages* and all claims for relief alleged therein fail to state a claim against Boeing upon which relief can be granted.

2. Plaintiffs' damages and the damages of plaintiffs' decedents, if any, were proximately caused by the acts or omissions of others over whom Boeing had no control or right of control, and which may include but is not limited to the flight crew on Flight 091, the operator of Flight 091, and/or the airport operator, and said acts or omissions were a superseding and sole, direct, and proximate cause of plaintiffs' damages and the damages of plaintiffs' decedents, if any.

3. If plaintiffs or plaintiffs' decedents were damaged by products originally designed, manufactured, assembled, inspected, tested or sold by Boeing, those products were subsequently installed, removed, exchanged, altered, modified, retrofitted, repaired, overhauled, remanufactured, improperly maintained, or misused by persons and/or entities other than Boeing, and over whom Boeing had no control or right of control, and such installation, removal, change, alteration, repair, modification, retrofitting, overhauling, remanufacturing, improper maintenance, or misuse proximately caused and contributed to the events alleged in the *Complaint for Damages* and the resulting damages complained of, if any.

4. Third parties over whom Boeing had no control altered and/or misused the Aircraft and/or components thereof, which parties may include but are not limited to the flight crew on Flight 091, the operator of Flight 091 and the operator of the airport where the accident occurred, and said acts or omissions were the sole, direct, and proximate cause of the damages, if any, of plaintiffs and plaintiffs' decedents.

5. Pursuant to RCW 4.22.070 and CR 12(i), Boeing places in issue the negligence, fault, and responsibility of all persons and entities that have contributed in any degree to the injuries and damages alleged to have been sustained by plaintiffs and plaintiffs' decedents, which may include but is not limited to the flight crew on Flight 091, the operator of Flight 091 and the

ANSWER OF DEFENDANT THE BOEING
COMPANY (NO. C-07-1907 TSZ) - 13
01038-4931/LEGAL13862543.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

operator of the airport where the accident occurred. Judgment against Boeing, if any, should be diminished to an amount that represents Boeing's degree of negligence, fault, or responsibility, if any.

6. The Aircraft was intended for and sold to a knowledgeable and sophisticated user over whom Boeing had no control.

7. The Aircraft and all components thereof were certified as airworthy by the Federal Aviation Administration and complied with all applicable codes, standards and regulations of the United States and agencies thereof at the time it was delivered.

8. Boeing complied with all applicable federal and state statutes and administrative regulations existing at the time the Aircraft and all components thereof were manufactured and all applicable standards for design, inspection, testing, warning and manufacture.

9. The design of the Aircraft and each component thereof that was installed at the time of delivery was consistent with or exceeded the "state of the art" at the time of its design and manufacture.

10. The benefits of the design of the Aircraft and each component thereof outweigh the risks associated therewith, if any.

11. Plaintiffs' rights to recovery, if any, are limited to or precluded by the warranty provisions, including limitations and disclaimer provisions, in Boeing's contract of sale for the Aircraft and/or documents relating thereto.

12. Plaintiffs' claims are preempted, in whole or in part, by the Washington Product Liability Act.

13. The *Complaint for Damages* and all claims for relief therein should be dismissed on the ground that plaintiffs have failed to join necessary and indispensable parties.

14. Plaintiffs may lack the capacity and/or standing to bring this action.

ANSWER OF DEFENDANT THE BOEING
COMPANY (NO. C-07-1907 TSZ) - 14
01038-4931/LEGAL13862543.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

15. Plaintiffs' wrongful death claims may be barred because there may be a defect or misjoinder of parties in this action, in that plaintiffs may have failed to name in their *Complaint for Damages* all proper plaintiffs as parties to the action.

16. Some or all of Plaintiffs' claims and available damages may be barred by virtue of prior settlements with respect to plaintiffs, plaintiffs' decedents and/or plaintiffs' decedents' estates.

17. Plaintiffs' claims may be barred in whole or in part because they may have already received full satisfaction and/or compensation for the injuries and damages, if any, and their claims may be barred by plaintiffs' prior release of claims and/or accord and satisfaction with any entity.

18. With regard to claims by any plaintiffs who may have been or whose decedents may have been members of the Mandala Airlines crew on the Aircraft at the time of the accident, recovery by those plaintiffs is barred or should be reduced by the applicable law because of the contributory negligence, contributory fault, and/or assumption of the risk by those plaintiffs or their decedents.

19. Plaintiffs or their decedents may have failed to use reasonable efforts to mitigate their damages, if any, and failed to protect themselves from avoidable consequences.

20. An award or judgment rendered in favor of plaintiffs must be reduced by the amount of benefits plaintiffs received, or are entitled to receive, from any source as a result of the deaths of their decedents.

21. Plaintiffs' or their decedents' injuries, if any, may have been caused or exacerbated by a pre-existing illness, injury, and/or condition.

22. The damages, if any, of plaintiffs and plaintiffs' decedents may have been directly and proximately caused by an unavoidable accident or act of God for which Boeing is not liable.

23. Plaintiffs' action may be governed, in whole or in part, by the laws of jurisdictions other than Washington, including the laws of other states or of foreign countries.

ANSWER OF DEFENDANT THE BOEING
COMPANY (NO. C-07-1907 TSZ) - 15
01038-4931/LEGAL13862543.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, Boeing hereby gives notice that it intends to raise issues in this action concerning the law of a foreign country or countries.

24. The Complaint and all claims for relief therein should be dismissed on the ground of *forum non conveniens*.

25. Plaintiffs' claims may be barred, in whole or in part, by the applicable statute of repose.

26. Plaintiffs' claims may be barred, in whole or in part, by the applicable statutes of limitations.

27. Plaintiffs' claims may be barred in whole or in part and/or preempted by federal law.

28. Plaintiffs' claims may be barred in whole or in part by res judicata, by release, and/or by the equitable doctrines of laches, waiver, and/or estoppel.

29. Plaintiffs' complaint is premature in that it was filed and served before the investigation into the cause of the accident were complete. Boeing therefore reserves the right to add those affirmative defenses which it deems necessary to its defense during or upon the conclusion of investigation and discovery. Boeing further reserves the right to assert any additional affirmative defenses asserted by another defendant and/or allowed by the law of the jurisdiction found to apply in this case.

**WHEREFORE**, Defendant Boeing prays as follows:

1. That Plaintiffs take nothing by the *Complaint for Damages*, that the *Complaint for Damages* be dismissed, and that judgment on the *Complaint for Damages* be entered for Boeing;

2. That Boeing be awarded its costs of suit and attorneys' fees;

3. That the Court grant such further relief as the Court may deem just and proper.

ANSWER OF DEFENDANT THE BOEING
COMPANY (NO. C-07-1907 TSZ) - 16
01038-4931/LEGAL13862543.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

## JURY TRIAL DEMAND

Boeing demands a jury trial of all claims to the fullest extent allowable by applicable law and which do not deprive this Court of jurisdiction over the subject matter of any claim or the person of any party.

DATED: January 11, 2008.

PERKINS COIE LLP

/s/ Allison Kendrick, WSBA #27093
Keith Gerrard, WSBA #102
Email: kgerrard@perkinscoie.com
Allison Kendrick, WSBA #27093
Email: akendrick@perkinscoie.com
David Lassen, WSBA #37392
Email: dlassen@perkinscoie.com
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: (206) 359-8000
*Attorneys for Defendant The Boeing Company*

ANSWER OF DEFENDANT THE BOEING
COMPANY (NO. C-07-1907 TSZ) - 17
01038-4931/LEGAL13862543.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to counsel for Plaintiff.

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 11th day of January, 2008.

                                              s/ Allison Kendrick

ANSWER OF DEFENDANT THE BOEING COMPANY (NO. C-07-1907 TSZ) - 18
01038-4931/LEGAL13862543.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000